# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**EDDIE STRONG**                                                                               **PLAINTIFF**

**V.**                                                   **NO. 4:11CV050-P-D**

**GREENVILLE POLICE DEPARTMENT, et al.**                       **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, currently being held in the Washington County Jail, filed this complaint pursuant to 42 U.S.C. § 1983. The Plaintiff complains about his arrest and detainment for criminal charges arising out of a domestic dispute. The Plaintiff contends that he is being prosecuted unfairly because his former girlfriend– and other party to the domestic dispute– is an attorney who works closely with the prosecutor. The Plaintiff is seeking monetary damages and immediate release from confinement.

The Plaintiff, a former police officer in Greenville, Mississippi, has also filed a motion for temporary restraining order. Because of his former occupation, he claims that his life is in danger so long as he is housed in Washington County. He has been held in the County Jail for the last ten months.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

**Section 1983 is not Appropriate Method to Challenge a Pending Criminal Charge**

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a

prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. Rather, the proper method to challenge the validity of a conviction is to apply for federal habeas relief. *Braden v. 30th Judicial Cir. Ct. of KY*, 410 U.S. 484, 488-89, 93 S. Ct. 1123, 1126, 35 L. Ed. 2d 443 (1973); *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir. 1985).

Here, however, the Plaintiff has not been convicted of a crime but has only been arrested and detained. Several Circuits have held that *Heck* also bars a "damage claim which, if successful would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir. 2001); *Smith v. Holtz*, 87 F.3d 108, 110 (3rd Cir. 1996). The Fifth Circuit has reasoned that prior to a conviction, such as here where there is only an arrest, *Heck* does not necessarily bar a claim for damages. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Rather, prior to a conviction or acquittal, a 1983 is premature and in such circumstances the matter should be stayed pending the resolution of the underlying criminal case. *Id.* at 746.

The Plaintiff has not been convicted but is simply being detained. The 1983 claim is, thus, premature. Accordingly, under the law in this Circuit the matter should be stayed until such time as the criminal charges have been resolved. Instead of cluttering the docket with an inactive case, this court prefers to dismiss the matter without prejudice to the Plaintiff's right to raise a 1983 claim

arising out of the same criminal charge once a final disposition has been reached. Accordingly, this matter shall be dismissed without prejudice.

## Preliminary Injunction

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

Here, the Plaintiff cannot satisfy any of the elements necessary for the issuance of an injunction. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th

Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993).  The court, therefore, will not intercede in the Plaintiff's custodial or housing arrangements.  The motion for a preliminary injunction is denied.

A final judgment in accordance with this opinion will be entered.

THIS the 8th day of June, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE